IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE B. SONG,<br><br>        Plaintiff,<br><br>  v.<br><br>SHYUE Y. CHANG and DOES 1-5,<br><br>        Defendants.                   / | No. C 06-1885 CRB<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action.

Viewing plaintiff's application in isolation, it appears that he should be allowed to proceed IFP. A court is under a continuing duty, however, to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

This action is identical to two previous actions filed by plaintiff and dismissed by this

Court, 05-3041 and 05-3813.  Plaintiff is a physician.  He alleges that while he was working as an intern at Taipei Veterans General Hospital in Taiwan in the 1980's he was treated by defendant, a surgeon, for treatment of snoring.  Plaintiff claims that defendant intentionally created a severe upper airway obstruction and that this intentional conduct caused plaintiff to become permanently disabled.  He alleges that defendant engaged in such "intentional mayhem" because defendant resented plaintiff's American medical education, advanced degrees and United States citizenship.

The Court dismissed plaintiff's original complaint in 05-3041 because plaintiff did not identify under what law or statute he made his claims.  The Court also held that it did not have venue of plaintiff's claims. The Court also found that plaintiff's complaint demonstrated that the Court did not have personal jurisdiction of defendant, a Taiwan surgeon; in particular, the complaint's jurisdictional allegations did not satisfy either general or specific jurisdiction.  For all these reasons, the Court dismissed plaintiff's complaint without prejudice.

Plaintiff's second complaint, 05-3813, identified the statute pursuant to which he brought his claim: the Antiterrorism Act of 1990, 18 U.S.C. section 2333.  The Court also dismissed that action and entered judgment.  The Court held that it did not have personal jurisdiction of defendant, a physician residing in Taiwan, and also held that the statute did not apply to the facts alleged by plaintiff as a matter of law.

Plaintiff filed another action, entitled "Notice of Declination and Objection Including Complaint."  He objects to the assignment of this action to this Court.  As this case is identical to the previous two actions filed by plaintiff, this lawsuit was appropriately reassigned to this Court.

Plaintiff's complaint must be dismissed for all the reasons the Court stated in its order dismissing 05-3813.  Plaintiff admits that defendant resides in Taiwan; he erroneously asserts that he need not show that this Court has personal jurisdiction of defendant.  His new pleading also does not state a claim under the Antiterrorism Act as a matter of law. Accordingly, plaintiff's complaint is DISMISSED with prejudice.  The Court has ruled.  If

1  plaintiff disagrees with this Court's ruling, he may appeal to the Ninth Circuit Court of
2  Appeals; however, he may not continue to file the same action in this Court.
3      **IT IS SO ORDERED.**

5  Dated: March 21, 2006



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE